ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO SIERRA ALTA, REP. POR MANUEL RIVERA CUBANO, ACTUAL PRESIDENTE DE LA JUNTA DE DIRECTORES Y OTROS<br><br>Recurridos<br><br>v.<br><br>CIUDAD CENTRO, INC.; TEN GENERAL CONTRACTORS, INC; MUNICIPIO DE SAN JUAN; AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS; DISEÑADOR DEL COND. SIERRA ALTA; INGENIERO SUPERVISOR I Y II, COMPAÑÍAS ASEGURADORAS A, B, C<br><br>Peticionarios | KLCE202500003 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. K AC2005-6507<br><br>Sala: 905<br><br>Sobre:<br><br>Vicios y Daños de Construcción |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Juez Rivera Pérez.

Rivera Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2025.

El Municipio Autónomo de San Juan (en lo sucesivo, MSJ) comparece ante nosotros mediante un recurso de *certiorari*, solicitando la revisión de la *Orden* emitida el 24 de julio de 2024 y notificada el 31 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). Mediante dicha *Orden,* el TPI denegó la *Moción de Desestimación* presentada el 23 de abril de 2024 por el MSJ.

Por los fundamentos que expondremos a continuación, este Tribunal resuelve denegar la expedición del auto de *certiorari*.

Número Identificador

RES2025 _____

**I.**

El 14 de septiembre de 2005, el Consejo de Titulares del Condominio Sierra Alta, *et als.*, (en adelante, Consejo de Titulares) presentó una *Demanda*[1] en contra del MSJ, la Autoridad de Acueductos y Alcantarillados, Ciudad Centro, Inc., *et als.*, imputándoles responsabilidad civil por ciertos vicios de construcción que alegadamente adolecía el Condominio Sierra Alta. En síntesis, el Consejo de Titulares alegó en la demanda que, desde 1999, el Condominio Sierra Alta enfrenta un grave problema con el sistema sanitario y el manejo de aguas pluviales. Este problema consiste en el desbordamiento de aguas residuales, lo que ha provocado inundaciones en los apartamentos. Asimismo, señaló la presencia de grietas en techos y paredes, las cuales generan filtraciones que afectan las viviendas. Según se alega, estos problemas son consecuencia de vicios de construcción.

En lo que respecta al MSJ, parte que comparece ante este Tribunal mediante el presente recurso de *certiorari*, el Consejo de Titulares alegó en la demanda que dicha parte asumió la responsabilidad de supervisar la construcción, entrega y finalización del proyecto Sierra Alta. En particular, sostuvo que el MSJ retuvo pagos a los contratistas y a la desarrolladora como parte del proceso de desarrollo y cierre del proyecto. Además, argumentó que el MSJ fue la entidad encargada de inspeccionar y certificar el sistema de alcantarillado pluvial del Condominio. Con base en lo anterior, el Consejo de Titulares atribuyó al MSJ conocimiento sobre los defectos en el diseño y la construcción del sistema sanitario del Condominio, señalándolo como responsable de los daños ocasionados.

---

[1] Apéndice del *Certiorari*, a las págs. 1-12.

En su contestación a la segunda demanda enmendada,[2] el MSJ negó las alegaciones formuladas en su contra. Argumentó que su rol se limitó a canalizar, a través del Departamento de Vivienda de San Juan, los fondos federales del Programa HOME destinados a la construcción del proyecto. Además, rechazó haber tenido a su cargo la inspección, aprobación o certificación de las obras de construcción de los apartamentos. Asimismo, resaltó que no actuó como desarrollador ni como propietario del proyecto. En conclusión, sostuvo que no tiene responsabilidad alguna por los daños alegados debido a la supuesta construcción negligente o deficiente del sistema de alcantarillado del Condominio.

Luego de varios trámites procesales, que incluyeron dos enmiendas a la demanda,[3] el 23 de diciembre de 2015, el MSJ presentó una *Moción en Solicitud de Sentencia Sumaria*,[4] solicitando la desestimación de la causa de acción por vicios ocultos presentada en su contra. En su escrito, el MSJ alegó que dicha acción no procedía, ya que no era el propietario ni el desarrollador del proyecto, y que tampoco obtuvo beneficio económico alguno de la venta de los apartamentos. Asimismo, señaló que su participación se limitó a actuar como entidad financiera del proyecto. Finalmente, argumentó que, en todo caso, solo podría proceder una causa de acción por daños y perjuicios bajo el Artículo 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141, la cual, según sostuvo, estaba prescrita.

El Consejo de Titulares presentó oportunamente su oposición a la solicitud de sentencia sumaria.[5] En esencia, argumentó que el MSJ no se limitó a actuar como entidad financiera del proyecto, sino que también intervino como supervisor de la obra, siendo

---

[2] Apéndice del *Certiorari*, a las págs. 58-75.
[3] Apéndice del *Certiorari*, a las págs. 13-75.
[4] Apéndice del *Certiorari*, a las págs. 76-179.
[5] Apéndice del *Certiorari*, a las págs. 180-448.

responsable de certificarla, además de controlar y vender los apartamentos. Asimismo, sostuvo que los daños eran continuados, por lo que la reclamación de daños no estaba prescrita. Posteriormente, el MSJ presentó una réplica a la oposición del Consejo de Titulares.[6]

El 2 de diciembre de 2016, el TPI emitió una *Sentencia Parcial*[7] en la que concluyó que el MSJ no actuó como desarrollador, contratista o arquitecto del proyecto Sierra Alta, ni participó en la venta de los apartamentos ni obtuvo ganancias de estas transacciones. En consecuencia, el tribunal desestimó las reclamaciones presentadas contra el MSJ al amparo de los Artículos 1373 del Código Civil de 1930, 31 LPRA ant. sec. 3841, y 1482 del Código Civil de 1930, 31 LPRA ant. sec. 4123. Asimismo, desestimó la acción basada en la Ley Núm. 130 de 13 de junio de 1967, según enmendada, *"Ley de la Oficina del Oficial de Construcción adscrita al Departamento de Asuntos del Consumidor"*, 17 LPRA sec. 501 *et seq.*, al determinar que el MSJ no se encontraba definido como urbanizador en el contexto de dicha ley.

Por otra parte, el TPI concluyó que los daños alegados eran de carácter continuado, razón por la cual la causa de acción presentada contra el MSJ bajo el Artículo 1802 del Código Civil de 1930, *supra*, no estaba prescrita. En relación con este asunto, el TPI dispuso que "[l]a conducta del MSJ de atender la situación de la tubería mediante la contratación de consultores externos y el eventual desembolso de los fondos retenidos, pudiera dar paso a algún grado de negligencia por parte del MSJ. No es prudente resolver de forma sumaria el aspecto de la posible negligencia del MSJ". En consecuencia, el tribunal denegó la solicitud de sentencia sumaria en lo referente a la reclamación de daños y perjuicios.

---

[6] Apéndice del *Certiorari*, a las págs. 449-463.
[7] Apéndice del *Certiorari*, a las págs. 464-475.

El 27 de diciembre de 2016, el MSJ presentó una *Moción en Solicitud de Reconsideración,*[8] la cual fue declarada "No Ha Lugar" por el TPI mediante una *Resolución*[9] emitida el 4 de abril de 2017.

En desacuerdo con dicha determinación, el MSJ presentó un recurso de *Apelación* ante este Tribunal. Mediante *Sentencia* emitida el 23 de enero de 2018 en el **KLAN201700805**, un panel hermano de este Tribunal de Apelaciones confirmó la *Sentencia Parcial* dictada por el TPI.

Así las cosas, el 14 de diciembre de 2018, el Consejo de Titulares presentó una *Tercera Demanda Enmendada.*[10] Tras varios trámites procesales, las partes presentaron el *Informe Preliminar de Abogados,*[11] en el que estipularon hechos y prueba documental. Posteriormente, sometieron sus respectivos memorandos de derecho. Además, las partes alcanzaron un acuerdo transaccional, el cual fue sometido a la consideración del Tribunal de Primera Instancia como parte de los procedimientos. En su memorando,[12] el MSJ solicitó la desestimación de la causa de acción presentada en su contra, argumentando la inexistencia de un nexo causal y, en la alternativa, la prescripción de la acción. Por su parte, el Consejo de Titulares, en respuesta y oposición a la solicitud del MSJ,[13] sostuvo que este era responsable de los daños reclamados por su negligencia como principal gestor en la búsqueda de una solución al problema con el sistema de tuberías sanitarias del condominio.

Finalmente, tras quedar sometida la controversia, el 7 de junio de 2022, el TPI dictó *Sentencia,*[14] imponiendo responsabilidad solidaria al MSJ. En desacuerdo, el 22 de junio de 2022, el MSJ

---

[8] Apéndice del *Certiorari*, a las págs. 476-484 y 485-493.
[9] Apéndice del *Certiorari*, a las págs. 494-495.
[10] Apéndice del *Certiorari*, a las págs. 496-503.
[11] Apéndice del *Certiorari*, a las págs. 504-552.
[12] Apéndice del *Certiorari*, a las págs. 556-558.
[13] Apéndice del *Certiorari*, a las págs. 583-603.
[14] Apéndice del *Certiorari*, a las págs. 604-619.

presentó una *Moción de Reconsideración*,[15] alegando que la sentencia era nula por haber sido emitida en violación a varias disposiciones de la Ley de Municipios Autónomos de 1991. No obstante, dicha moción fue declarada "No Ha Lugar" por el TPI mediante una *Resolución* emitida el 12 de agosto de 2022.[16]

En desacuerdo con dicha determinación, el 11 de octubre de 2022, el MSJ presentó un recurso de *Apelación* ante este Tribunal, bajo el caso **KLAN202200805**. Posteriormente, el 27 de enero de 2023, este Tribunal de Apelaciones emitió una primera *Sentencia* en la que se modificó la *Sentencia* apelada, revocando lo dispuesto en relación con el MSJ. Más adelante, el 10 de marzo de 2023, emitimos una *Sentencia en Reconsideración*, en la cual sostuvimos nuestra determinación. En este caso, determinamos que el acuerdo transaccional presentado ante el TPI era nulo debido a que no cumplía con los requisitos establecidos en la Ley de Municipios Autónomos de 1991. Según el Artículo 3.009 de dicha ley, toda oferta de transacción que implique un desembolso económico mayor a $25,000.00 debe contar con la aprobación previa de la Asamblea Legislativa Municipal antes de ser presentada ante el foro judicial. En el caso ante nosotros, el acuerdo transaccional sometido no contaba con dicha aprobación, lo que invalidaba su eficacia jurídica. Por lo tanto, resolvimos que cualquier sentencia basada en ese acuerdo carecía de validez.

Asimismo, observamos que el TPI excedió los límites de indemnización establecidos en el Artículo 15.004 de la Ley de Municipios Autónomos de 1991, que disponía un máximo de $150,000.00 para indemnizaciones derivadas de una misma actuación u omisión. El TPI impuso al MSJ el pago solidario de $23,076.00 a cada titular demandante, para un total de

---

[15] Apéndice del *Certiorari*, a las págs. 620-633.
[16] Apéndice del *Certiorari*, a las págs. 644-645.

$346,140.00, excediendo el límite permitido por ley. Además, advertimos que el TPI no distribuyó la suma conforme a los daños específicos sufridos por cada demandante, lo que contravenía la normativa aplicable.

También concluimos que el TPI erró al incluir en la sentencia una indemnización por concepto de angustias mentales, ya que no se presentó evidencia suficiente para justificar dicho pago. Nuestro ordenamiento jurídico exige pruebas claras y concretas para fundamentar este tipo de reclamaciones. Por tanto, determinamos que la imposición de esta indemnización era improcedente.

En vista de lo anterior, resolvimos revocar las disposiciones de la sentencia relacionadas con la responsabilidad solidaria del MSJ, así como la indemnización por angustias mentales. Sin embargo, confirmamos que Ciudad Centro, Inc. debía cumplir con su obligación de pagar $140,000.00 para la reparación de las deficiencias en el sistema sanitario del Condominio Sierra Alta y $80,000.00 como reembolso al Consejo de Titulares por los gastos incurridos para mitigar los efectos de las aguas usadas. Además, ordenamos la continuación de los procedimientos, conforme a lo resuelto.

Tras varios trámites procesales, el 23 de abril de 2024, el MSJ presentó una *Moción de Desestimación*,[17] alegando que el TPI carecía de jurisdicción sobre la materia debido a que le amparaba la inmunidad soberana. Posteriormente, el 3 de junio de 2024, la parte recurrida presentó su *Oposición a Moción de Desestimación del Municipio de San Juan*,[18] argumentando que la Sentencia del Tribunal de Apelaciones no revocó la determinación de negligencia y que, además, la inmunidad soberana no era aplicable en este caso. Finalmente, el 15 de julio de 2024, el MSJ presentó una *Réplica a la*

---

[17] Apéndice del *Certiorari*, a las págs. 646-661.
[18] Apéndice del *Certiorari*, a las págs. 662-676.

*Oposición de la Demandante a la Moción de Desestimación del Municipio de San Juan.*[19]

El 24 de julio de 2024, el TPI emitió una *Orden*[20] declarando "Sin Lugar" la moción de desestimación presentada por el MSJ. El 16 de agosto de 2024, el MSJ presentó una moción de reconsideración.[21] Posteriormente, el 25 de octubre de 2024, el TPI les ordenó a las partes a que presentaran un memorando de derecho exponiendo sus posiciones sobre cómo la sentencia del Tribunal de Apelaciones afectaba la jurisdicción del tribunal para atender los planteamientos levantados por el MSJ en su moción de reconsideración.[22] En cumplimiento con lo ordenado, las partes sometieron sus respectivos memorandos de derecho.[23] Finalmente, el 4 de diciembre de 2024, el TPI emitió dos órdenes: una declarando "Sin Lugar" la solicitud de reconsideración presentada por el MSJ, y otra disponiendo que, en el caso de autos, no era aplicable la inmunidad soberana.[24]

En desacuerdo, el 2 de enero de 2025, el MSJ acudió ante nosotros mediante el presente *Recurso de Certiorari*. En su escrito, señala que el TPI cometió los errores siguientes:

> Erró crasamente en derecho y abusó de su discreción el Tribunal de Primera Instancia al dictar las órdenes recurridas y determinar que en el caso de autos existe una determinación de negligencia por parte de MSJ a pesar de que el Tribunal de Apelaciones en el caso KLAN2022-00805 revocó dicha determinación al dejar sin efecto todo asunto concerniente al MSJ y cuando al Municipio le acobija la inmunidad soberana establecida en el Código Municipal.
>
> Erró crasamente el Tribunal de Primera Instancia al dictar las órdenes recurridas a pesar de que no cuenta con jurisdicción sobre la materia para ello.

---

[19] Apéndice del *Certiorari*, a las págs. 678-686.
[20] Apéndice del *Certiorari*, a las págs. 733-736.
[21] Apéndice del *Certiorari*, a las págs. 687-695.
[22] Apéndice del *Certiorari*, a la pág. 696.
[23] Apéndice del *Certiorari*, a las págs. 697-703 y 704-714.
[24] Apéndice del *Certiorari*, a las págs. 715 y 716.

El 13 de enero de 2025, la parte recurrida presentó un *Memorando en Oposición a Expedición de Recurso de Certiorari*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

El Artículo 4.006 de la Ley Núm. 201-2003, según enmendada, *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, 4 LPRA sec. 24y, establece que el Tribunal de Apelaciones conocerá, "[m]ediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia." El *certiorari* ha sido definido por el Tribunal Supremo como "un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido." *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

La expedición de un recurso de *certiorari* para revisar órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Esta Regla establece que el recurso de *certiorari* "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo." *Íd*. Por excepción a lo dispuesto anteriormente, la Regla 52.1 de Procedimiento Civil, *supra*, también autoriza la revisión mediante *certiorari* de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre los asuntos siguientes: la

admisibilidad de testigos de hechos o peritos esenciales; asuntos relativos a privilegios evidenciarios; anotaciones de rebeldía; en casos de relaciones de familia; en casos que revistan interés público, o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[25] *Íd.* De esta forma, se reconoce, según explica el Profesor Hernández Colón, "que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 533.

Conforme establece la Regla 52.1 de Procedimiento Civil, *supra*, "[c]ualquier otra resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia podrá ser revisada mediante el recurso de apelación que se presente contra la sentencia final dictada por el Tribunal de Primera Instancia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales."

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209, citando a *IG Builders et al. v. BBVAPR*, supra, pág. 338. En el ámbito judicial, el concepto discreción ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera." *IG Builders et al. v. BBVAPR*, supra, pág. 338; *García v. Padró*, 165 DPR 324, 334-335 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

---

[25] Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra*, mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010.

El Tribunal Supremo ha señalado que la discreción del Tribunal de Apelaciones para expedir un auto de *certiorari* no debe ejercerse de manera aislada en abstracción del resto del Derecho. *Íd.* En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que el Tribunal de Apelaciones deberá tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

> "El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*"

Lo anterior implica que la determinación de expedición del auto de *certiorari* deber ser evaluada en el contexto de todos los derechos aplicables y bajo las pautas específicas que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, proporciona.

**III**

En su recurso de *certiorari*, la parte peticionaria señaló que erró el TPI y abusó de su discreción al concluir que existía una determinación de negligencia contra el MSJ. Según su argumento,

el Tribunal de Apelaciones, en el caso **KLAN202200805**, revocó cualquier determinación de negligencia relacionada con el MSJ, al dejar sin efecto todo asunto concerniente al MSJ en dicho procedimiento.

Asimismo, la parte peticionaria sostuvo que el TPI erró al no reconocer que el MSJ está amparado por la inmunidad soberana, conforme a lo dispuesto en el Código Municipal. Señaló que esta protección exime al MSJ de responsabilidad en este caso.

Por último, argumentó que el TPI carecía de jurisdicción sobre la materia y, por ende, no debió dictar las órdenes recurridas. Según la parte peticionaria, la falta de jurisdicción constituye un error craso que invalida las determinaciones del foro primario.

En oposición, la parte recurrida solicita que se deniegue la expedición del recurso de *certiorari*, dado que este presenta señalamientos extemporáneos y carece de fundamentos legales para ser examinado. Sostiene que el recurso plantea señalamientos de error que no fueron presentados oportunamente en etapas previas del proceso. Argumenta que estos planteamientos se presentaron años después de que la sentencia del TPI fuera confirmada parcialmente por el Tribunal de Apelaciones, lo que hace que el recurso sea improcedente y que el tribunal carezca de jurisdicción para atenderlo.

Asimismo, la parte recurrida señala que el MSJ tergiversa la *Sentencia en Reconsideración*, ya que esta únicamente declaró nulo el acuerdo transaccional relacionado con el pago solidario de $23,076.00, pero no revocó la determinación de negligencia ni liberó al MSJ de responsabilidad.

Además, la parte recurrida objeta el planteamiento del MSJ sobre la inmunidad soberana, señalando que este argumento no fue presentado ante el TPI ni en etapas procesales anteriores. Por lo tanto, considera que este nuevo fundamento no puede ser evaluado

en este recurso de *certiorari*, ya que constituye un planteamiento tardío.

Por último, la parte recurrida argumenta que el recurso presentado por el MSJ excede los términos jurisdiccionales establecidos en la Regla 52.2 de Procedimiento Civil, *supra*. Esto, según afirma, impide que los argumentos del MSJ puedan ser considerados por el tribunal en esta etapa procesal. En vista de lo anterior, la parte recurrida solicita que se deniegue la expedición del recurso de *certiorari*, ya que este carece de fundamento legal y los señalamientos planteados son extemporáneos. Al respecto, la parte recurrida señala que la sentencia del TPI, emitida el 7 de junio de 2022 y parcialmente confirmada por el Tribunal de Apelaciones en el caso **KLAN202200805**, se convirtió en final y firme. Esto incluye la determinación de negligencia del MSJ y su responsabilidad en los daños ocasionados. El MSJ, sin embargo, no cuestionó estos aspectos en su apelación inicial, limitándose a impugnar la nulidad del acuerdo transaccional y la cuantía relacionada con los daños por angustias mentales. Al no levantar otros señalamientos de error en ese momento, el MSJ renunció a su derecho de hacerlo más adelante. Ahora, varios años después, el MSJ intenta plantear nuevos argumentos, como la inmunidad soberana, fuera del término jurisdiccional permitido. La parte recurrida enfatiza que este tipo de acción no solo viola las disposiciones de la Regla 52.2, *supra*, sino que también constituye un acto de temeridad, ya que ignora la naturaleza final y firme de las determinaciones del TPI y del Tribunal de Apelaciones. Además, señala que el MSJ pudo haber solicitado la revisión de la *Sentencia en Reconsideración* ante el Tribunal Supremo si consideraba que había errores adicionales, pero no lo hizo. En consecuencia, la parte recurrida sostiene que el tribunal carece de jurisdicción para atender los nuevos planteamientos del MSJ debido a la clara violación del término jurisdiccional.

Tras examinar el presente recurso a la luz de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* concluimos que este no cumple con los criterios establecidos en dichas disposiciones. En consecuencia, determinamos denegar su expedición.[26]

**IV**

Por los fundamentos expuestos, este Tribunal resuelve denegar la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] Sin embargo, es importante aclarar que la *Sentencia en Reconsideración* emitida el 10 de marzo de 2023 en el caso **KLAN202200805** no desestimó todas las reclamaciones en contra del MSJ. No cabe duda de que la determinación clara en dicha sentencia fue declarar nulo el acuerdo transaccional respecto al MSJ. Esto no implica que el MSJ haya sido liberado de toda responsabilidad. Según lo dispuesto en la referida sentencia, la nulidad del acuerdo transaccional con el MSJ se debió a su contravención con la Ley de Municipios Autónomos de 1991.